

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL
Gerald C. Mann
///////////

Honorable L. A. Woods
State Superintendent of Public
Instruction,
Austin, Texas

Dear Mr. Woods:        Opinion No. O-2239
                       Re: General Appropriation Act
                           1939 - State Department
                           of Education -- Contingent
                           Expenses -- Printing --
                           Quarterly allocation of
                           annual appropriation.

You state the following case for an opinion:

"The statutes make it mandatory
upon the Department of Education that
certain forms, bulletins and reports
such as teacher's daily registers,
teacher's monthly reports, voucher
forms, etc., be made available to
the schools of the State by Septem-
ber 1st, the beginning of the scholas-
tic year. In order to have these
forms, bulletins and reports avail-
able for scholastic year 1939-40,
the Department as in the past was
compelled to issue requisitions at
least three to four months prior to
September 1, 1939, to allow ample
time for printing and delivery. When
the accounts for such were presented
to the State Comptroller for payment
they were refused for the reason that
they bore requisition dates prior to
September 1, 1939."

Upon these facts you propound the following
question:

Honorable L. A. Woods - Page 2


Whether or not it is material when the requisition is made for printing, provided the printing when done, is to be paid out of the appropriation for the current fiscal year for which the printing is done.

The answer to your inquiry is ruled by the opinion of this department of date November 17, 1915, (Opinions of the Attorney General 1914-1916, p. 695), holding it to be regular and lawful for a Board of Regents to contract for the erection of a dormitory and dining room to be paid for out of the appropriation available thereafter, to-wit, on September 1, 1916. It is declared in that opinion:

"The fact that this $125,000.00 appropriated for the erection of a dormitory and dining room is not available until the 1st. day of September, 1916, does not postpone the taking effect of this Act of the Legislature until that date. This Act is as much the law now as it will be subsequent to September 1, 1916, and the Board of Regents would be warranted in letting the contract for the erection of said building at the present time or at any time after the enactment of such law and prior to August 31, 1917, the expiration of the fiscal period for which appropriation is made.

"Of course, as this $125,000.00 is by express provision of the Act not available until September 1, 1916, no warrants could be drawn or payments made out of same until that date."

The opinion further states:

"Of course, under an appropriation for the year beginning September 1, 1916, a department of the State Government could not during the year beginning September 1, 1915, contract for, receive and consume supplies to be paid for from a subsequent year's

appropriation, nor do we mean by
this opinion to make a holding of
that character."

As we understand your inquiry, it discloses
that the supplies are to be received by your depart-
ment but will not be consumed prior to the time when
the appropriation becomes available, thus coming with-
in the holding of that opinion.

Trusting that this will be a satisfactory
answer to your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS*MR:bb

APPROVED MAY 8, 1940

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS